IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| SHAWN HENDERSON,<br><br>        Plaintiff,<br>vs.<br><br>STATE OF INDIANA,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12-CV-848-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff/inmate, Shawn Henderson, filed a civil rights complaint against State of Indiana.[1] Henderson applies to proceed *in forma pauperis*. As discussed below, the Court concludes that Henderson must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[2] But, it restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C.S. § 1915(a) (2012).

[3] *Id.* § 1915 (g).

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court's review of Henderson's litigation history in the United States courts reveals that he has had cases dismissed under § 1915(g) because he "has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim."[5]

Section 1915(g) applies here because (1) Henderson was a prisoner when he filed this complaint; (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous or failing to state a claim; and (3) his allegations do not fall within the exception to 1915(g). The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.

## ORDER

Henderson is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous or failing to state a claim. Therefore, Henderson is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

September _13_, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[5] *See, e.g., Henderson v Unknown*, No. 7:08-CV-303 TS (W.D. Va. June 30, 2008).